**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

YURI MANRARA, and all others similarly
situated under 29 USC 216(B),

       Plaintiffs
  vs.

LOPEFRA CORP., and
CECILIO LOPEZ

       Defendants
_____/

## COMPLAINT

COME NOW Plaintiffs, by and through undersigned counsel, and state:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§201-216.

2. Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendants regularly transact business within Dade County. Upon information and belief, the Defendants were the employers of Plaintiffs for the relevant time period. The individual Defendant is the Corporate officers of the corporate Defendant who ran the day to day operations of the corporate Defendant for the relevant time period and was responsible for paying Plaintiffs wages and/or controlled Plaintiff's work upon information and belief.

4. All acts or omissions giving rise to this dispute took place in Dade County Florida.

5. It is believed that several other employees of the Defendant have not been paid overtime or minimum wages in accordance with the FLSA and the Florida Constitution from the date of filing this complaint back three years. This case is brought as an opt-in action under 29 USC 216(B).

## COUNT I. FEDERAL STATUTORY VIOLATION
## (OVERTIME VIOLATION AGAINST DEFENDANTS)

6. This action arises under the law of the United States.

7. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

8. 29 U.S.C. § 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". Pursuant to the Florida Constitution, the Florida Minimum wage rate was $7.21/hr during the relevant periods. Plaintiff's minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. The Federal Minimum wage rate during the relevant time period was $7.25/hr.

9. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

10. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

11. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on

September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

12. As of May 2nd, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

13. The Plaintiff was employed as a driver for Defendants. The Plaintiff worked for the Defendants beginning on or about 8/2/09 until on or about 3/5/10.

14. Both the Defendant's business and the Plaintiff's work for Defendants affected interstate commerce for the relevant time period substantially. The Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the good and materials that they used or handled on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants were actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

15. The Defendants, on information and belief, grossed more than $500,000 annually for the relevant time period.

16. Plaintiff worked an average of 52 hours per week for the stated time period above and was paid at rate equivalent to $10.57/hr., but was not paid any overtime wages for any

hours worked in excess of 40 hours weekly as required by the Fair Labor Standards Act.

17. The Defendant's payment to each Plaintiff for this time period did not meet the federal overtime wage law requirements.

18. The Defendants willfully and intentionally refused to pay each Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendant as stated above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all overtime wages still owing from each Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiffs request a **trial by jury**.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street #605
Miami Beach, Florida 33141
(305)865-6766

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121